■ JOSEPH RAE, Appellant-Respondent, v. HOTEL GOVERNOR CLINTON, INC., Respondent-Appellant; and MILTON KESTENBERG et al., Appellants.— In a consolidated action, consisting of: (a) Action No. 1, which originally had been commenced in the Supreme Court, Kings County, by Joseph Rae, as plaintiff, to recover from Hotel Governor Clinton, Inc., as defendant, upon a series of promissory notes executed and delivered by it; and (b) Action No. 2, which originally (and prior to Action No. 1) had been commenced in the Supreme Court, New York County, by said hotel, Milton Kestenberg and Harry Bryer, as plaintiffs, against said Rae, as defendant, to cancel said notes, the parties appeal as follows from an order of the Supreme Court, Kings County, dated September 9, 1964: (1) The defendants in the consolidated action, namely, the hotel corporation, Kestenberg and Bryer, appeal from so much of said order as granted the plaintiff Rae's motion to consolidate Action No. 2, the New York County action, with Action No. 1, the

Kings County action, for trial in Kings County. (2) The plaintiff Rae in the consolidated action appeals from so much of said order as denied his motion for summary judgment in Action No. 1 against the defendant hotel corporation. On the appeal by said defendants: Order modified as follows: (a) by directing that the consolidation of the two pending actions shall be effected in the Supreme Court, New York County, instead of in the Supreme Court, Kings County; and (b) by directing the Clerk of the Supreme Court, Kings County, to transmit all the papers in these two actions to the Clerk of the Supreme Court, New York County, who shall consolidate the two actions under the title of the action pending in New York County, upon service of a certified copy of the order entered hereon; and (c) by striking out the fifth decretal paragraph which directed that the consolidated action be placed on the calendar of the Supreme Court, Kings County, for trial. As so modified, order, insofar as appealed from by said defendants, affirmed, with one bill of $20 costs and disbursements to them jointly, payable by plaintiff Rae. On the appeal by plaintiff Rae: Order modified as follows: (a) by striking out the fourth and sixth decretal paragraphs denying said plaintiff's motion for summary judgment against the defendant hotel corporation and directing that the moving and answering affidavits submitted on such motion be deemed the complaint and answer respectively in Action No. 1, pursuant to CPLR 3213; and (b) by substituting therefor a provision transferring said motion for summary judgment to the Supreme Court, New York County, for determination *de novo*, upon the service of a proper notice of motion returnable at Special Term, Part I, in said court. As so modified, order, insofar as appealed from by said plaintiff, affirmed, without costs. The two actions, which embrace the same set of promissory notes, were properly consolidated. The action in New York County was essentially one to cancel the notes, and the action in Kings County was essentially one to recover upon them. Jurisdiction attached first in New York County by the prior commencement of the action there. No reason has been proffered for the deviation from the general rule that consolidation involving actions pending in different counties shall be effectuated in the county which first obtained jurisdiction (*Bril* v. *Storm,* 275 App. Div. 954; *Spadaccini* v. *City of New York,* 9 A D 2d 502). Moreover, interrelated matters have already been disposed of in the Supreme Court, New York County, and in the Appellate Division of the Supreme Court in the First Judicial Department (*Rae* v. *Hotel Governor Clinton,* 22 A D 2d 783, and 22 A D 2d 644). In passing, we note that we are today deciding another aspect of this controversy emanating from the Supreme Court in Nassau County (*Rae* v. *Kestenberg,* 23 A D 2d 565). We believe, however, that, so far as practicable, this entire controversy and all the litigation among the parties, including the plaintiff Rae's motion for summary judgment, should be determined by the Supreme Court, New York County, without further fragmentization, thus precluding the possibility of inconsistent decisions.— Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.