■ CHARLES W. MACCABEE et al., Plaintiffs, v. JAMES NANGLE et al., Respondents. (Action No. 1.) LOIS CUTLER, an Infant, by Her Father and Natural Guardian, HENRY CUTLER, et al., Appellants, v. ANN L. NANGLE et al., Respondents. (Action No. 2.) — In consolidated negligence actions to recover damages for personal and property injuries, etc., plaintiffs in Action No. 2 appeal from two orders of the Supreme Court, Westchester County, dated respectively November 20, 1968 and April 8, 1969, the former granting a motion by defendants in Action No. 1 to consolidate the actions, and the latter denying a motion by plaintiffs in Action No. 2 to sever the actions. Order dated November 20, 1968 modified, on the law and the facts, (1) by inserting in the first decretal paragraph, immediately after the word "granted", the following: "except that trial of the consolidated actions shall be in Kings County"; (2) by striking from the second ordering paragraph the following: "Westchester" and "Index #10723/68" and by substituting the word "Kings" for said word "Westchester"; and (3) by striking out the fourth ordering paragraph and substituting therefor a provision directing that all the papers in this consolidated action be transferred to the file of the action in the office of the Clerk of the County of Kings. As so modified, order affirmed. Appeal from order dated April 8, 1969 dismissed as academic in view of the determination herein on the appeal from the order dated November 20, 1968. Appellants are awarded one bill of $20 costs and disbursements to cover both appeals. In our opinion it was an improvident exercise of discretion to order the consolidated action to be tried in Westchester County. The general rule is that "where consolidation of actions begun in different counties is had, the venue should be in the county whose jurisdiction was first invoked" (*Quality Fruit Wines Corp.* v. *Singer*, 267 App. Div. 834). The record does not contain any facts which might justify a deviation therefrom (*Rae* v. *Hotel Governor Clinton*, 23 A D 2d 564; *Babcock* v. *Lowy*, 7 A D 2d 930; *Efco Prods.* v. *Long Is. Baking*, 6 A D 2d 832; *Bril* v.

*Strom,* 275 App. Div. 954). Beldock, P. J., Christ, Brennan, Hopkins and Martuscello, JJ., concur.