Bertram Harnett, J
The complaint originally alleged that plaintiff was a New Jersey corporation having a place of business in Nassau County and that defendant was a domestic corporation having its place of business in Kings County. Under those circumstances, venue was properly laid in Nassau County at the outset. (CPLR 503, subds. [a], [c].) Accordingly, defendant Weisberger did not demand a change of venue at or before the service of his answer (see, CPLR 511, subd. [a]). Contrary to the assertions in their memorandum of law, defendant and third-party defendant did not admit that allegation in their respective answers. They did, however, assert as an affirmative defense that plaintiff was not licensed to conduct a business- in the State of New York and therefore could not maintain this action. (Business Corporation Law, §1312.)
At the beginning of the trial, the plaintiff moved to amend the complaint to delete the allegation that it is a foreign corporation having a place of business and actually doing business in Nassau County. The court granted the motion, whereupon the defendant and the third-party defendant made this oral motion for a change of venue to Kings County. The court reserved decision and adjourned the trial to January 26, 1971 to allow defendants some requested time to prepare further for the amended complaint.
Now that plaintiff has deleted the allegation that it maintains a place of business in this county, there-is no longer a mandatory statutory ground for venue in this court. Under such extraordinary circumstances, the court cannot rule' that the instant motion is untimely made. (See Purcell v. WTRY Broadcasting Corp., 43 Misc 2d 172; Delair v. Southworth Tractor & Mach. Co., 142 N. Y. S. 2d 449.)
How;ever, CPLR 510 provides, in part, that the court ‘‘ upon motion, may change the place of trial of an action where: 1. the county designated for that purpose is not a proper county The court is aware that changes of venue pursuant to that provision have been termed a “right” (Nash Kelvinator Sales Corp. v. Clark, 276 App. Div. 1056) but it is also the law that even where the defendant moves “as of right”, the plaintiff may cross-move to retain the action for the convenience of witnesses. (Beaudrias v. City of New York, 259 App. Div. 719.) The same considerations are applicable where retention of venue, although technically imperfect, promotes the ends of justice. (CPLR 510, subd. 3; Dickman v. Stummer, 20 A D 2d 611.)
*827 The court cannot ignore the fact that this action, involving six parties, has been pending since December, 1969 and has been reached for trial on the Nassau County nonjury calender. Should this motion be granted, the action would of necessity be transferred to Kings County and placed at the end of the nonjury calendar there. The parties appeared before this court on January 7, 1971 ready for trial. To delay the trial of this cause for an additional year or more would serve no purpose other than to elevate form over substance. On the other hand, to deny the motion would result in no prejudice to any of the parties, all of whom reside conveniently close to Nassau County, as do the attorneys and material witnesses.
The motion must therefore be denied and venue will be retained in Nassau County.