■ In the Matter of the Arbitration between BENEDETTA SCHNEIDER, Appellant, and GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent. BENEDETTA SCHNEIDER, Appellant, et al., Plaintiff, v LEONARD MASSI, Respondent. — Appeal by Benedetta Schneider, as limited by her brief, (1) from so much of an order of the Supreme Court, Nassau County (Samenga, J.), entered October 16, 1980, as denied her cross motion for consolidation or a joint trial, and (2) from so much of a further order of the same court, entered March 24, 1981, as, upon reargument, adhered to its original determination denying consolidation or a joint trial. Appeal from the order entered October 16, 1980 dismissed, without costs or disbursements. That order was superseded by the order granting reargument. Order entered March 24, 1981 reversed, insofar as appealed from, without costs or disbursements, order entered October 16, 1980 vacated, insofar as it denied appellant's cross motion, and the cross motion is granted to the extent that a joint trial is ordered in the Supreme Court, Queens County. Consolidation or a joint trial of two actions, or of an action and a proceeding, is proper when they involve a common question of law or fact (CPLR 602, subd [a]). At bar, appellant and her husband commenced an action in the Supreme Court, Queens County, on or about March 12, 1980, against Leonard Massi, the owner of the car that collided with the car she was driving. As an affirmative defense, Massi denied operation, control and maintenance of the vehicle. Appellant also filed a claim for uninsured motorist benefits with the Government Employees Insurance Company (GEICO), the insurer of her automobile. She demanded arbitration of the claim, and GEICO filed a petition in the Supreme Court, Nassau County, on or about July 7, 1980, seeking to stay arbitration pending resolution of the question of nonpermissive use and requesting that Massi's insurance company be joined as a party. Appellant cross-moved, in Nassau County, for an order granting consolidation or a joint trial of the two cases, asserting that the common issue of fact was that of nonpermissive use of the Massi vehicle. There was no opposition to the cross motion. Special Term granted the stay of arbitration; but denied the cross

motion; upon granting reargument, the court adhered to the original determination even though there still was no opposition to the request for consolidation or a joint trial. Inasmuch as there is clearly a common question of fact involved in the two actions, Special Term erred in its denial of the cross motion. This is particularly so in view of the lack of a showing by any party of prejudice which would result from granting the cross motion. In the instant case, where consolidation would result in appellant being both a plaintiff and respondent, a joint trial would be preferable to avoid possible confusion. Although appellant did not specify in which county the trial should be held, ordinarily, the county in which jurisdiction was first invoked will become the county of the consolidated action or joint trial (see *Maccabee v Nangle,* 33 AD2d 918). Since the personal injury action was commenced first in Queens County, and there is nothing in the record to indicate that the general rule should be deviated from, the joint trial should be held in Queens County. Titone, J. P., Bracken, Niehoff and Boyers, JJ., concur.