■ SONIA CASSEL, Appellant, v NATALIE I. KOETHER et al., Respondents. — In an action on a promissory note, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Delin, J.), dated September 23, 1981, as, in granting defendants' cross motion for consolidation of the within action with another action pending in the Supreme Court, Suffolk County, placed venue of the consolidated action in Suffolk County. Order affirmed, insofar as appealed from, with $50 costs and disbursements to defendant Shamrock Associates. The general rule is that where there is to be consolidation of actions commenced in different counties, the courts will place venue of the consolidated action in the county where the first action was instituted (*Maccabee v Nagle,* 33 AD2d 918; *Padilla v Greyhound Lines,* 29 AD2d 495; *Rae v Hotel Governor Clinton,* 23 AD2d 564). The courts will deviate from this rule where there are special circumstances requiring otherwise (*Perinton Assoc. v Heicklen Farms,* 67 AD2d 832; *Padilla v Greyhound Lines, supra; Rae v Hotel Governor Clinton, supra*). Here there are no circumstances that would dictate a deviation from the general rule. Furthermore, even where one of the pending actions was commenced in an improper county, the court may place the venue of the consolidated action in that county if the ends of justice will thereby be promoted (*Dickman v Stummer,* 20 AD2d 611; *Maxon Pontiac v Weisberger,* 65 Misc 2d 825). Here, the Suffolk County action was commenced a full year before the Nassau County action, the choice of Suffolk was made in good faith, the technical defect (lack of authority to do business in New York) was quickly remedied when discovered and neither the parties nor their witnesses will be subjected to any significant inconvenience. Titone, J. P., Gulotta, O'Connor and Niehoff, JJ., concur.