■ JOAN KLEIN, Individually and as Administratrix of the Estate of KURT R. KNOEPPEL, Deceased, Respondent, v JOHN P. CALANDRO, III, et al., Appellants. — Appeal by defendants, as limited by their brief, from stated portions of an order of the Supreme Court, Putnam County (Beisheim, J.), entered May 31, 1983, dismissed, without costs or disbursements. That order was superseded by an order of the Supreme Court, Westchester County (Beisheim, J.), entered July 21, 1983 in Putnam County, which was made upon reargument. Order of the Supreme Court, Westchester County, entered July 21, 1983 in Putnam County, affirmed, insofar as appealed from, without costs or disbursements. No opinion. Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.

■ JOHN MACIEJKO, Respondent, v KEMRICH O. JARVIS et al., Respondents, et al., Defendants. (Action No. 1.) SUZANNE FUNK, Appellant, v BRONX COUNTY RUBBISH CORP. et al., Respondents, et al., Defendants. (Action No. 2.) — In two actions to recover damages for personal injuries, the plaintiff in action No. 2, Suzanne Funk, appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Durante, J.), dated September 25, 1983, as, upon granting the motion of Kemrich O. Jarvis, defendant in actions Nos. 1 and 2, and Bronx County Rubbish Corp., defendant in action No. 2, and the cross motion of John Maciejko, plaintiff in action No. 1, *inter alia,* for consolidation of action No. 1, pending in the Supreme Court, Queens County, with action No. 2, pending in the Supreme Court, Bronx County, placed venue of the consolidated action in Queens County. Order reversed, insofar as appealed from, with costs, and upon the motions of the parties, the trial of the consolidated action shall be in the Supreme Court, Bronx County; within 10 days after service upon him of a copy of the order to be made hereon, with notice of entry, the clerk of the Supreme Court, Queens County, shall transfer the papers in the consolidated action to the clerk of the Supreme Court, Bronx County, to be filed under Bronx County index No. 18535/82. Generally, where there is to be a consolidation of actions commenced in different counties, the venue of the consolidated action should be placed in the county in which the first action was instituted (*Cassel v Koether,* 90 AD2d 785; *Schneider v Massi,* 88 AD2d 619; *Maccabee v Nagle,* 33 AD2d 918; *Rae v Hotel Governor Clinton,* 23 AD2d 564). Deviation from this rule is permitted only where required by special circumstances (*Perinton Assoc. v Heicklen Farms,* 67 AD2d 832; *Boyea v Lambeth,* 33 AD2d 928; *Rae v Hotel Governor Clinton, supra*). Here, there are no such circumstances that would require a deviation from the general rule. Therefore, venue of the consolidated actions should have been placed in the Supreme Court, Bronx County. Titone, J. P., Bracken, Brown and Rubin, JJ., concur.