■ ESTHER DEUTSCH et al., Respondents, v MIRIAM WEGH, Defendant, and GEORGE A. HANDY, SR., et al., Appellants. (Action No. 1.) MIRIAM WEGH et al., Respondents, v GEORGE HANDY, SR., et al., Appellants. (Action No. 2.) [703 NYS2d 730] —In two related actions to recover damages for personal injuries, etc., the defendants in Actions No. 1 and 2, George A. Handy, Sr., and Leroy Holding Co., Inc., s/h/a Leroy Hading Co., Inc., appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Kings County (Rappaport, J.), dated February 25, 1999, which, *inter alia,* denied that branch of their cross motion which was to transfer the venue of Action No. 1 from Kings County to Montgomery County and to transfer the venue of Action No. 2 from Rockland County to Montgomery County.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Action No. 1 was commenced in Kings County in February 1998, and a related action concerning the same automobile accident, Action No. 2, was commenced in Rockland County in July 1998. In response to the parties' separate motions and cross motions to consolidate the actions, the Supreme Court granted the motions to the extent of directing a joint trial and transferring the venue of Action No. 2 from Rockland County to Kings County.

Generally, where actions commenced in different counties have been joined for purposes of trial pursuant to CPLR 602, the venue should be placed in the county where the first action was commenced, unless special circumstances are present (*see, Mattia v Food Emporium,* 259 AD2d 527; *Maciejko v Jarvis,* 99 AD2d 799). The evidence presented in connection with the appellants' cross motion to transfer venue of both actions to Montgomery County based on the convenience of material wit-

nesses failed to establish such special circumstances or to satisfy their burden of proof under CPLR 510 (3) (*see, O'Brien v Vassar Bros. Hosp.,* 207 AD2d 169). Accordingly, the Supreme Court properly transferred the venue of Action No. 2 to Kings County, where the first action was initiated. O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.