■ EARL J. PARKS et al., Appellants, v COSTCO WHOLESALE MEMBERSHIP, INC., et al., Respondents, et al., Defendants. [796 NYS2d 539]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated July 26, 2004, as granted that branch of the motion of the defendants Costco Wholesale Membership, Inc., and Costco Wholesale Corporation which was to change venue from Kings County to Westchester County.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to change venue from Kings County to Westchester County is denied, and the Clerk of the Supreme Court, Westchester County, is directed to deliver to the Clerk of the Supreme Court, Kings County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

The Supreme Court erred in granting that branch of the respondents' motion which was to change venue from Kings County to Westchester County. The respondents failed to move to change venue within 15 days after service of their demand for change of venue (*see* CPLR 510 [1]; 511 [b]; *P.T.R. Co. v Teitelbaum*, 2 AD3d 609, 610 [2003]; *Figueroa v Stromfeld*, 282 AD2d 429, 430 [2001]; *Charles v New York City Tr. Auth.*, 277 AD2d 194, 194-195 [2000]). Further, they failed to make the requisite showing for a discretionary change of venue based on the inconvenience of witnesses (*see* CPLR 510 [3]; *Jarrett v Berner*, 8 AD3d 236, 237 [2004]; *Agostino Antiques v CGU-*

*American Employers' Ins. Co.*, 6 AD3d 469, 470 [2004]; *Charles v New York City Tr. Auth., supra; Runcie v Cross County Shopping Mall*, 268 AD2d 577, 577-588 [2000]; *O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169 [1995]).

We decline to reach issues raised by the respondents requesting affirmative relief. Schmidt, J.P., S. Miller, Krausman and Fisher, JJ., concur.