MARTY MARKOWITZ et al., Respondents, v MAKURA, INC., Doing Business as ALBANY ECONO LODGE, Appellant. [816 NYS2d 500]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Johnson, J.), dated February 17, 2005, as, upon renewal, adhered to a prior determination in an order dated February 26, 2004 denying its motion pursuant to CPLR 510 (3) to transfer venue from Kings County to Albany County.

Ordered that order dated February 17, 2005 is affirmed insofar as appealed from, with costs.

The submissions made by the defendant in support of renewal did not require a result different from that reached by the court in connection with the initial motion (*see* CPLR 2221 [e] [2]; *R.R. Ragette, Inc. v D'Incecco*, 17 AD3d 436, 437 [2005]; *Velez v Institute of Design & Constr., Inc.*, 11 AD3d 453, 454 [2004]). Therefore, upon renewal, the Supreme Court properly adhered to its prior determination denying the defendant's motion to transfer venue.

The defendant's contention that a fair trial may not be had in Kings County in this personal injury action merely because the injured plaintiff is a public official elected by the voters of Kings County is without merit (*cf. Silver v Pataki*, 179 Misc 2d 315, 322 [1999], *revd* 274 AD2d 57 [2000], *mod* 96 NY2d 532 [2001]). The Supreme Court correctly determined, moreover, that the defendant failed to make the requisite showing that either the convenience of witnesses or the interests of justice warranted the transfer of venue from Kings County to Albany County (*see*

CPLR 510 [3]; *O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169, 172-173 [1995]; *see also Spicer v Adelson*, 24 AD3d 430 [2005]; *Shindler v Warf*, 24 AD3d 429, 429-430 [2005]; *Parks v Costco Wholesale Membership, Inc.*, 19 AD3d 570, 570-571 [2005]; *Giaimo v Hastings*, 19 AD3d 365, 366 [2005]; *cf. Dwyer v Nobody Beats the Wiz, Inc.*, 23 AD3d 334, 334-335 [2005]). The convenience of two of the six witnesses identified by the defendant is not a relevant factor since they are officers or managers of the defendant corporation (*see Mei Ying Wu v Waldbaum, Inc.*, 284 AD2d 434, 435 [2001]; *McAdoo v Levinson*, 143 AD2d 819, 820 [1988]). Three nonparty witnesses from the Albany area were identified by the defendant as having testimony arguably relevant to the slip-and-fall accident which underlies this action. The inconvenience to them is not sufficient to outweigh the inconvenience to the plaintiffs' witnesses who would be required to travel to Albany if the trial were held there (*cf. Heiss v Moose*, 16 AD3d 765, 766 [2005]). Moreover, the remaining nonparty witness identified by the defendant resides in Buffalo, and the defendant did not demonstrate that it would be more inconvenient for him to travel to New York City than to Albany. Schmidt, J.P., Crane, Santucci and Spolzino, JJ., concur.