■ LAURIE BLANCHER MOOR, Respondent, v GIDEON MOOR, Appellant. [835 NYS2d 593]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), dated March 29, 2006, as denied that branch of his motion which was pursuant to CPLR 602 (a) to consolidate this action with an action entitled *Moor v Moor*, pending in the Supreme Court, Ulster County, under index No. 06-261, and to place venue in Ulster County, and granted that branch of the plaintiff's cross motion which was to retain the venue of this action in Nassau County.

Ordered that the order is reversed insofar as appealed from, with costs, on the law and in the exercise of discretion, that branch of the defendant's motion which was to consolidate the two actions and to place venue in Ulster County is granted, that branch of the plaintiff's cross motion which was to retain the venue of this action in Nassau County is denied, and the Clerk of the Supreme Court, Nassau County, is directed to deliver to the Clerk of the Supreme Court, Ulster County, all papers filed in this action, and certified copies of all minutes and entries.

Where common questions of law or fact exist, a motion to consolidate pursuant to CPLR 602 (a) should be granted absent a showing of prejudice to a substantial right by the party opposing the motion (*see Perini Corp. v WDF, Inc.*, 33 AD3d 605, 606 [2006]; *Gadelov v Shure*, 274 AD2d 375 [2000]). In addition, where actions commenced in different counties are consolidated pursuant to CPLR 602, the venue should be placed in the county where the first action was commenced, unless special circumstances exist (*see Gadelov v Shure, supra*; *Mattia v Food Emporium*, 259 AD2d 527 [1999]; *Gomez v Jersey Coast Egg Producers*, 186 AD2d 629 [1992]).

The Supreme Court improvidently exercised its discretion in denying that branch of the defendant's motion which was to consolidate this action with an action entitled *Moor v Moor*, pending in the Supreme Court, Ulster County, under index No. 06-261, since common questions of law and fact exist, and the

plaintiff failed to show prejudice to a substantial right. Furthermore, the defendant established that his action for divorce was commenced in Ulster County prior to the plaintiff's action for divorce in Nassau County, and, therefore, venue should have been placed in Ulster County (*see Harrison v Harrison*, 16 AD3d 206, 207 [2005]; *cf. Graev v Graev*, 219 AD2d 535, 535-536 [1995]). In opposition to the defendant's motion and in support of her cross motion, the plaintiff failed to establish any special circumstances warranting the retention of venue in Nassau County (*see Deutsch v Wegh*, 269 AD2d 487, 487-488 [2000]; *Messinger v Festa*, 94 AD2d 792, 792-793 [1983]; *cf. DeGregorio v DeGregorio*, 251 AD2d 366 [1998]). Accordingly, the two actions should have been consolidated and venue placed in Ulster County where the first action was commenced. Crane, J.P., Florio, Dillon and Balkin, JJ., concur.