■ Tsi-Ann Thomas et al., Respondents, v Avalon Gardens Rehabilitation & Health Care Center, Appellant. [899 NYS2d 649]—In an action, inter alia, to recover damages for medical malpractice, etc., the defendant appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated October 8, 2009, which granted the plaintiffs' motion to vacate a prior order of the same court dated July 6, 2009, granting the defendant's unopposed motion pursuant to CPLR 510 (1) and 511 to change the venue of the action from Kings County to Suffolk County.

Ordered that the order is affirmed, with costs.

To vacate their default in opposing the defendant's prior motion to change the venue of the action, the plaintiffs were required to demonstrate a reasonable excuse for their default and provide an affidavit of merit addressing the prior motion (*see Hardy v Riverdale Tr. Corp.*, 119 AD2d 801 [1986]).

Here, the plaintiffs established the merits of their defense to a change of venue as a matter of right, as the plaintiff Sue Ann

Goodbar stated in her affidavit that she was a resident of Kings County at the time the action was commenced in that venue (*see* CPLR 503 [a]; *Lopez v K Angle K, Inc.*, 24 AD3d 422 [2005]). Further, on this record, it cannot be said that the Supreme Court improvidently exercised its discretion in finding, in effect, a reasonable excuse for the plaintiffs' counsel's failure to appear on the return date of the motion (*see Grasso v Tortorello*, 50 AD3d 634 [2008]; *Hageman v Home Depot U.S.A., Inc.*, 25 AD3d 760, 761 [2006]).

A change of venue to Suffolk County for the convenience of witnesses was, in effect, properly denied by the Supreme Court, as the defendant never moved or cross-moved for that relief (*see* CPLR 2214 [a]; 2215). In any event, the convenience of party employees, which is placed at issue by the defendant here, is not relevant to a change of venue under CPLR 510 (3) (*see Markowitz v Makura, Inc.*, 29 AD3d 650 [2006]; *Mei Ying Wu v Waldbaum, Inc.*, 284 AD2d 434, 435 [2001]). Skelos, J.P., Dillon, Angiolillo, Eng and Sgroi, JJ., concur.