■ Jessica Brown, Respondent, v Cope Bestway Express, Inc., et al., defendants, and Orcun Apak et al., Respondents. (Action No. 1.) Samantha Eisenberg, Appellant, v Cope Bestway Express, Inc., et al., Defendants, and Orcun Apak, et al., Respondents. (Action No. 2.) [952 NYS2d 220]—

On February 12, 2010, in Rochester, New York, Jessica Brown and Samantha Eisenberg allegedly were injured when an automobile in which they were passengers collided with a truck. In September 2010, Brown commenced an action in the Supreme Court, Monroe County (hereinafter action No. 1), against the owner, the lessee, and the driver of the truck. In February 2011, Eisenberg commenced an action in the Supreme Court, Nassau County (hereinafter action No. 2), against, among others, those parties and Orcun Apak and Munur Apak (hereinafter together the Apaks), the owner and driver of the vehicle in which she and Brown had been passengers. Subsequently, Brown amended her complaint to add the Apaks as party defendants. The Apaks moved to consolidate the two actions or for a joint trial, and to have venue placed in Nassau County. The Supreme Court granted the Apaks' motion to the extent of consolidating the two actions, and thereupon transferred the consolidated action to Monroe County. Eisenberg appeals from so much of the order as granted that branch of the Apaks' motion which was to consolidate the actions, and thereupon transferred the consolidated action to Monroe County.

"Where common questions of law or fact exist, a motion to consolidate or for a joint trial pursuant to CPLR 602 (a) should be granted absent a showing of prejudice to a substantial right

by the party opposing the motion" (*Perini Corp. v WDF, Inc.*, 33 AD3d 605, 606 [2006]; *see Alizio v Perpignano*, 78 AD3d 1087, 1088 [2010]; *Mas-Edwards v Ultimate Servs., Inc.*, 45 AD3d 540 [2007]). When consolidation or joint trials are ordered under CPLR 602 (a), venue should generally be placed in the county where the first action was commenced (*see Nigro v Pickett*, 39 AD3d 720, 722 [2007]). Special circumstances, however, may warrant the court, in its discretion, to place venue elsewhere (*see Gomez v Jersey Coast Egg Producers*, 186 AD2d 629, 630 [1992]; *cf. Moor v Moor*, 39 AD3d 507, 508 [2007]; *DeGregorio v DeGregorio*, 251 AD2d 366, 366-367 [1998]).

It is undisputed that these two actions arose out of the same incident and involve common questions of law and fact. The Supreme Court properly found that the interests of justice and judicial economy warranted relief under CPLR 602 (a). Nevertheless, inasmuch as it was not controverted that Eisenberg, who resides in Nassau County, suffered serious injuries that make her unable to attend a trial in Monroe County, we conclude, in the exercise of our discretion, that venue should be placed in Nassau County (*see Messina v Upper Hudson Primary Care Consortium, Inc.*, 26 AD3d 698, 699 [2006]; *DeGregorio v DeGregorio*, 251 AD2d at 366-367). Moreover, because the two actions involve different plaintiffs, a joint trial, rather than consolidation, is the appropriate method of achieving the goal of avoiding the unnecessary duplication of proceedings (*see Mas-Edwards v Ultimate Servs., Inc.*, 45 AD3d at 541; *Perini Corp. v WDF, Inc.*, 33 AD3d at 606-607; *T T Enters. v Gralnick*, 127 AD2d 651, 652 [1987]). Finally, a joint trial of action No. 1 and action No. 2 will not prejudice any of Brown's substantial rights (*see Whiteman v Parsons Transp. Group of N.Y., Inc.*, 72 AD3d 677, 678 [2010]). Dillon, J.P., Balkin, Belen and Austin, JJ., concur.