■ BARRY L. LEAKE, Appellant, v CONSTELLATION BRANDS, INC., et al., Respondents. (And Other Actions.) [978 NYS2d 65]—

In related actions to recover damages for personal injuries, the plaintiff appeals from (1) so much of an order of the Supreme Court, Westchester County (Walker, J.), entered April 3, 2012, as granted that branch of the defendants' motion which was pursuant to CPLR 510 (3) to transfer venue of this action from Westchester County to Ontario County and denied his cross motion to retain venue in Westchester County, and (2) an order of the same court entered April 17, 2012, which, upon the granting of that branch of the defendants' motion which was pursuant to CPLR 510 (3) to transfer venue, directed the transfer of the matter and all papers filed therein to the Supreme Court, Ontario County.

Ordered that the order entered April 3, 2012, is reversed insofar as appealed from, on the facts and in the exercise of discretion, that branch of the defendants' motion which was to transfer venue of this action from Westchester County to Ontario County is denied, and the plaintiff's cross motion to retain venue in Westchester County is granted; and it is further,

Ordered that the order entered April 17, 2012, is reversed, on the facts and in the exercise of discretion, and the Clerk of the Supreme Court, Ontario County, is directed to deliver to the Clerk of the Supreme Court, Westchester County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]); and it is further;

Ordered that one bill of costs is awarded to the plaintiff.

Upon a motion by a party, a trial court may transfer venue where "the convenience of material witnesses and the ends of justice will be promoted by the change" (CPLR 510 [3]). Mo-

tions to transfer venue under CPLR 510 (3) are addressed to the sound discretion of the trial court, and absent an improvident exercise of discretion, the trial court's order will not be disturbed on appeal (*see Morris v Halik*, 172 AD2d 502 [1991]).

The party moving for a change of venue pursuant to CPLR 510 (3) has the burden of demonstrating that the convenience of material witnesses and the ends of justice would be better served by the change (*see Lapidus v 1050 Tenants Corp.*, 94 AD3d 950 [2012]; *Walsh v Mystic Tank Lines Corp.*, 51 AD3d 908, 908 [2008]; *Rochester Drug Coop., Inc. v Marcott Pharmacy N. Corp.*, 15 AD3d 899 [2005]). However, the convenience of the parties, their employees, and their experts is not relevant to a determination of a change of venue under CPLR 510 (3) (*see Markowitz v Makura, Inc.*, 29 AD3d 650 [2006]; *Mei Ying Wu v Waldbaum, Inc.*, 284 AD2d 434, 435 [2001]; *McAdoo v Levinson*, 143 AD2d 819, 820 [1988]). Here, all of the witnesses identified by the defendants were employed either by the defendants or by the third-party defendant. The defendants failed to identify any other material witnesses whose convenience would be served by a change of venue from Westchester County to Ontario County. Accordingly, the Supreme Court should have denied the motion for a change of venue to Ontario County and granted the cross motion to retain venue in Westchester County. Mastro, J.P., Balkin, Leventhal and Lott, JJ., concur.