■ Nova Casualty Company, Appellant, v RPE, LLC, et al., Defendants, and Kong Shun Wang, Respondent. (Action No. 1.) Kong Shun Wang, Respondent, v Northfield Insurance Company et al., Defendants, and Nova Casualty Company, Appellant. (Action No. 2.) [981 NYS2d 582]—

In two related actions for judgments declaring the rights and obligations of the parties under two policies of insurance, Nova Casualty Company, the plaintiff in action No. 1 and a defendant in action No. 2, appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), entered December 3, 2012, as, upon reargument, vacated so much of a prior order of the same court dated July 10, 2012, as denied that branch of the motion of Kong Shun Wang, a defendant in action No. 1 and the plaintiff in action No. 2, which was

to place the venue of the joint trial in Queens County and placed the venue of the joint trial in Erie County, and thereupon granted that branch of his motion which was to place the venue of the joint trial in Queens County.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and upon reargument, that portion of the order dated July 10, 2012, which denied that branch of the prior motion of Kong Shun Wang which was to place the venue of the joint trial in Queens County and placed the venue of the joint trial in Erie County is adhered to.

When a trial court orders consolidation or joint trials under CPLR 602 (a), venue should generally be placed in the county where jurisdiction was invoked in the first action (*see Brown v Cope Bestway Express, Inc.*, 99 AD3d 746, 748 [2012]; *Whiteman v Parsons Transp. Group of N.Y., Inc.*, 72 AD3d 677, 678 [2010]; *Schneider v Massi*, 88 AD2d 619, 620 [1982]). Special circumstances, however, may warrant the court, in its discretion, to place venue elsewhere (*see Brown v Cope Bestway Express, Inc.*, 99 AD3d at 748).

Upon reargument, the Supreme Court should have adhered to its prior determination denying that branch of the motion of Kong Shun Wang which was to place the venue of the joint trial that had been ordered in those related actions in Queens County. The evidence presented in connection with Kong Shun Wang's motion, inter alia, to place venue in Queens County based on the convenience of material witnesses failed to satisfy his burden of proof under CPLR 510 (3) or establish any other special circumstances (*see Deutsch v Wegh*, 269 AD2d 487, 487-488 [2000]; *O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169, 172-173 [1995]). Moreover, contrary to the contention of Kong Shun Wang, the convenience of the parties, their employees, and their experts is not relevant to a determination of a motion for a change of venue under CPLR 510 (3) (*see Leake v Constellation Brands, Inc.*, 112 AD3d 792 [2013]; *McManmon v York Hill Hous., Inc.*, 73 AD3d 1137, 1137 [2010]; *Markowitz v Makura, Inc.*, 29 AD3d 650 [2006]). Accordingly, venue was properly placed in Erie County, where the first action was commenced. Mastro, J.P., Hall, Austin, Sgroi and Duffy, JJ., concur.