■ DIANE CASTRO et al., Appellants, v LAWRENCE DURBAN et al., Respondents. [11 NYS3d 614]—

In a consolidated action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), entered January 8, 2014, as, upon granting that branch of their motion pursuant to CPLR 602 (a) which was for consolidation, denied that branch of their motion which was to place the venue of the consolidated action in Queens County, and granted those branches of the separate cross motions of the defendants Lawrence Durban, Newell Robinson, and Cardiothoracic Surgery, P.C., the defendants Eileen Stenton, George Ekonomou, Rebecca Tfelt, Karen Brooks, Cindy Sukhoo, Lauren Nehrebecki, Jennifer Gomez, Amy Bryson, Nicola Crosswell, Kathleen McGarry, Teresita Fabic-Lampa, Young Joo Lee, Irene Moser, and St. Francis Hospital, Roslyn, New York, and the defendants Richard A. Matano and Richard A. Matano, Physician, P.C., which were to place the venue of the consolidated action in Nassau County.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiffs commenced an action in the Supreme Court, Queens County, under index No. 22312/11 (hereinafter the Queens action), to recover damages for medical malpractice and lack of informed consent, etc., against Lawrence Durban, among many other defendants. The basis of venue was the residence of some of the defendants. Thereafter, the plaintiffs commenced an action in the Supreme Court, Nassau County, under index No. 7087/13 (hereinafter the Nassau action), to recover damages for medical malpractice and lack of informed consent, etc., against other defendants.

The plaintiffs moved in the Supreme Court, Queens County,

pursuant to CPLR 602 (a) to consolidate the Queens action and the Nassau action, and to place the venue of the consolidated action in Queens County. The defendants in the Queens action cross-moved in three separate cross motions pursuant to CPLR 602 (a) to consolidate the Queens action and the Nassau action, and to have the venue of the consolidated action placed in Nassau County. In the order appealed from, the Supreme Court, Queens County, upon granting consolidation of the actions, granted those branches of the separate cross motions which were to place the venue of the consolidated action in Nassau County, and denied that branch of the plaintiffs' motion which was to place the venue of the consolidated action in Queens County. The plaintiffs appeal from so much of the order as granted those branches of the cross motions and denied that branch of their motion which was to place the venue of the consolidated action in Queens County.

"When a trial court orders consolidation or joint trials under CPLR 602 (a), venue should generally be placed in the county where jurisdiction was invoked in the first action" (*Nova Cas. Co. v RPE, LLC*, 115 AD3d 717, 718 [2014]; *see Brown v Cope Bestway Express, Inc.*, 99 AD3d 746, 748 [2012]). However, where special circumstances are present, the court, in its discretion, may place venue elsewhere (*see Nova Cas. Co. v RPE, LLC*, 115 AD3d at 718; *Brown v Cope Bestway Express, Inc.*, 99 AD3d at 748; *Almoghazy v Gonzalez*, 233 AD2d 349, 350 [1996]; *Maciejko v Jarvis*, 99 AD2d 799, 799 [1984]; *Olownia v Toussaint*, 98 AD2d 716, 717 [1983]).

Here, the claims relate to treatment rendered at St. Francis Hospital, located in Nassau County. Many of the individual defendants resided in Nassau County. All of the individual defendants worked in Nassau County at the time of the alleged malpractice and lack of informed consent. The plaintiffs themselves resided in Nassau County at the time each action was commenced. Under these circumstances, the Supreme Court providently exercised its discretion in granting those branches of the cross motions which were to place the venue of the consolidated action in Nassau County and denying that branch of the plaintiffs' motion which was to place venue in Queens County (*see Gomez v Jersey Coast Egg Producers*, 186 AD2d 629, 630 [1992]). Mastro, J.P., Sgroi, Cohen and Duffy, JJ., concur.