(July 20, 2016)

BARBARA ARDUINO, Appellant, v RICARDO ANTONIO MOLINA-OVANDO et al., Respondents, et al., Defendants. [36 NYS3d 186]—

In a consolidated action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Silber, J.), dated September 4, 2014, as, upon granting that branch of her motion which was for consolidation, denied that branch of her motion which was to place the venue of the consolidated action in Kings County and placed the venue of the consolidated action in Richmond County.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was to place the venue of the consolidated action in Kings County is granted, and the Clerk of the Supreme Court, Richmond County, is directed to deliver to the Clerk of the Supreme Court, Kings County, all papers filed in the consolidated action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

The plaintiff commenced an action in the Supreme Court, Kings County, under index No. 505538/13, against the defendants Ricardo Antonio Molina-Ovando and Ricardo Molina (hereinafter together the Molina defendants) to recover damages for personal injuries allegedly sustained as a result of a motor vehicle accident. The plaintiff subsequently commenced an action in the Supreme Court, Richmond County, under index No. 150294/14, against the City of New York to recover damages for personal injuries allegedly sustained as a result of the same motor vehicle accident. The basis of venue in the second action was the alleged location of the accident. Thereafter, the

plaintiff moved in the Supreme Court, Kings County, to consolidate the two actions and to place the venue of the consolidated action in Kings County. The City did not oppose the motion. The Molina defendants opposed placing venue in Kings County, arguing that venue should be placed in Richmond County. The Supreme Court, upon granting consolidation, placed the venue of the consolidated action in Richmond County. The plaintiff appeals from so much of the order as denied that branch of her motion which was to place the venue of the consolidated action in Kings County.

"When a trial court orders consolidation or joint trials under CPLR 602 (a), venue should generally be placed in the county where jurisdiction was invoked in the first action" (*Nova Cas. Co. v RPE, LLC*, 115 AD3d 717, 718 [2014]; *see Castro v Durban*, 129 AD3d 652, 653 [2015]; *Brown v Cope Bestway Express, Inc.*, 99 AD3d 746, 748 [2012]). The general rule that a consolidated action is typically litigated in the county where the first action was commenced must yield to the venue-specific rule that an action against the City of New York shall be brought in the county within the city in which the cause of action arose (*see* CPLR 504 [3]; *Wager v Pelham Union Free Sch. Dist.*, 108 AD3d 84, 89-90 [2013]).

Here, the Supreme Court should have placed venue of the consolidated action in Kings County, since that is where the first action was commenced. Even though the plaintiff alleged that the cause of action arose in Richmond County, the City waived its right to the continuation of venue in Richmond County upon consolidation of the two actions by its failure to oppose the plaintiff's motion (*see Wager v Pelham Union Free Sch. Dist.*, 108 AD3d at 92). Furthermore, while the Molina defendants sought placement of venue in Richmond County under CPLR 504 (3), their argument should have been rejected, since only the City may invoke this statute (*see Yasgour v City of New York*, 169 AD2d 673, 674 [1991]). Dillon, J.P., Chambers, Hinds-Radix and Brathwaite Nelson, JJ., concur.