OPINION OF THE COURT
Arthur M. Diamond, J.
Defendants herein move for an order of this court to change venue from Nassau County to New York County pursuant to CPLR 510 (1). Plaintiff cross-moves for an order to strike affirmative defenses and dismiss counterclaims pursuant to CPLR 3211 (a) and (b). Based upon the following, defendants’ motion is granted in its entirety and a decision on plaintiffs cross motion is deferred to the justice assigned this matter upon completion of the transfer and reassignment.
Motions to transfer venue are addressed to the sound discretion of the court. (Leake v Constellation Brands, Inc., 112 AD3d 792 [2d Dept 2013].) A contractual forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, or invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court. (Molino v Sagamore, 105 AD3d 922 [2d Dept 2013].) By commencing an action against a corporation in the wrong county, a plaintiff forfeits the right to select venue. (Negron v Nouveau El. Indus., Inc., 104 AD3d 655 [2d Dept 2013].)
Plaintiff commenced the within action in Supreme Court, Nassau County. Plaintiff, by its own admission, is a foreign corporation licensed to do business in the State of New York, with its principal place of business located in New York County. Defendant corporation is a foreign business not authorized to do business in the State of New York and by all accounts does not have any contacts with the State of New York outside of the instant litigation.
*351 In reviewing the agreement attached to plaintiffs opposing papers, section 5.6 entitled “Governing Law and Consent to Jurisdiction: Service of Process” makes clear that the parties have agreed that either the state or federal courts in New York shall have jurisdiction over any dispute arising from the agreement. However, this clause does not specify that venue will be placed in Nassau County specifically. Thus, while the waiver provision of this section addresses such claims that a court in the State of New York is inconvenient and that such dispute should be brought in a court located in another state, the parties have not by agreement done away with the requirements of CPLR 503 entirely. Plaintiff was required to establish a nexus between the instant action, the parties, and Nassau County, but failed to do so. Moreover, the argument that Nassau County is not any more or less convenient for defendants, not having any residence or presence inside the State of New York, than New York County or any other county in New York is unpersuasive. Accordingly, defendants’ application to change venue from Nassau County to New York County is granted. (See Llorca v Manzo, 254 AD2d 396 [2d Dept 1998].)
The Clerk of the Supreme Court of Nassau County is directed to transfer the above-entitled action to the Clerk of the Supreme Court of New York County forthwith. Defendants shall serve a copy of this order upon plaintiff, the Clerk of Nassau County, and the Clerk of New York County within 30 days from the date of this order.
Given the foregoing, this court finds it would be improper to decide the cross motion submitted herein by plaintiff. As such, this motion is referred to the assigned Justice in Supreme Court, New York County, for a decision on the relief sought in motion sequence No. 002.