Jimenez v Benson (2020 NY Slip Op 03650)





Jimenez v Benson


2020 NY Slip Op 03650


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-05820
 (Index No. 616167/18)

[*1]Mirian Jimenez, plaintiff, 
v
Kevin Benson, et al., appellants, et al., defendants.


Vigorito, Barker, Patterson, Nichols & Porter, LLP, Valhalla, NY (Christopher J. Whitton of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Kevin Benson and Guardian Bus Company appeal from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered March 12, 2019. The order, insofar as appealed from, in effect, upon granting that branch of the motion of the defendants Kevin Benson and Guardian Bus Company which was pursuant to CPLR 602 to consolidate this action with an action entitled Brenda M. Jurado v Guardian Bus Company, Inc., and Kevin L. Benson, commenced in the Supreme Court, Queens County, under Index No. 711192/18, to the extent of directing a joint trial, denied that branch of the motion of those defendants which was to place venue of the action in Nassau County, directed that the actions be tried jointly in Queens County, and directed that this action be transferred to Queens County.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
On July 20, 2018, Brenda M. Jurado commenced a personal injury action against the defendants Guardian Bus Company, Inc., and Kevin L. Benson in the Supreme Court, Queens County (hereinafter the first action). On December 4, 2018, Mirian Jimenez, a passenger in Jurado's vehicle, commenced this personal injury action in the Supreme Court, Nassau County. The defendants Kevin Benson and Guardian Bus Company (hereinafter together the appellants) moved for an order pursuant to CPLR 602 consolidating the two actions for the purpose of a joint trial in Nassau County. The Supreme Court, in effect, granted that branch of the appellant's motion which was to consolidate the two actions to the extent of directing that the actions be tried jointly, denied that branch of the motion which was to place venue in Nassau County, directed that the actions be tried jointly in Queens County, and directed that this action be transferred to Queens County. This appeal ensued.
"When a trial court orders consolidation or joint trials under CPLR 602(a), venue should generally be placed in the county where jurisdiction was invoked in the first action" (Nova Cas. Co. v RPE, LLC, 115 AD3d 717, 718; see Castro v Durban, 129 AD3d 652, 653; Brown v Cope Bestway Express, Inc., 99 AD3d 746, 748). However, special circumstances may warrant the court, in its discretion, to place venue elsewhere (see Castro v Durban, 129 AD3d at 653; Nova Cas. Co. v RPE, LLC, 115 AD3d at 718; Brown v Cope Bestway Express, Inc., 99 AD3d at 748).
Here, the Supreme Court providently exercised its discretion in placing venue in Queens County, where jurisdiction was invoked in the first action, as the appellants failed to establish special circumstances which would warrant venue being placed in Nassau County (see Tieshmaker v EMB Contr. Corp., 143 AD3d 886, 887; Arduino v Molina-Ovando, 141 AD3d 622, 623; see also Longo v Fogg, 150 AD3d 724, 725-726).
CHAMBERS, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court