Windward Bora, LLC v Home Funds Direct (2025 NY Slip Op 01667)

Windward Bora, LLC v Home Funds Direct

2025 NY Slip Op 01667

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-03332
 (Index No. 506092/21)

[*1]Windward Bora, LLC, appellant, 
v
Home Funds Direct, et al., defendants; Amos Financial, LLC, nonparty-respondent.

Hasbani & Light, P.C., New York, NY (Shachar Hadar of counsel), for appellant.
Port & Sava, Lynbrook, NY (Janine Z. Schatz of counsel), for nonparty-respondent.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to determine claims to real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated February 7, 2023. The order, insofar as appealed from, granted those branches of the motion of nonparty Amos Financial, LLC, which were pursuant to CPLR 1012(a)(3) for leave to intervene in the action and pursuant to CPLR 602(a) to consolidate the action with an action entitled Amos Financial, LLC v Adebowale, pending in the Supreme Court, Kings County, under Index No. 500345/16, to the extent of joining them for discovery and trial.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On August 24, 2005, Leroy M. Frederick, Jr., executed and delivered to Home Funds Direct (hereinafter Home Funds) two notes. One note, in the amount of $576,000, was secured by a mortgage (hereinafter the first Frederick mortgage) on residential property located in Brooklyn (hereinafter the subject property). The other note, in the amount of $144,000, was secured by a mortgage (hereinafter the second Frederick mortgage) on the subject property. On September 16, 2005, both mortgages were recorded.
By deed dated July 6, 2007, Oluwole Adebowale purchased the subject property from Frederick. The purchase was financed by a loan from AmTrust Bank (hereinafter AmTrust) in the amount of $665,000, which was evidenced by a note and secured by a mortgage on the subject property (hereinafter the Adebowale mortgage). On August 15, 2007, a satisfaction of the first Frederick mortgage was recorded. However, a satisfaction of the second Frederick mortgage was never recorded. In October 2007, the Adebowale mortgage was recorded.
On August 18, 2008, AmTrust commenced an action in the United States District Court for the Eastern District of New York, inter alia, to impose an equitable lien on the subject property against, among others, Adebowale. In an order dated June 16, 2009, the court, among other things, granted AmTrust an equitable lien on the subject property in the amount of $884,465.96. Thereafter, on June 26, 2015, Amos Financial, LLC (hereinafter Amos), was assigned the equitable lien on the subject property in the amount of $884,465.96, with an effective date reverting back to October 6, 2007, the date the Adebowale mortgage was recorded.
In January 2016, Amos commenced an action in the Supreme Court, Kings County, under Index No. 500345/16, against, among others, Adebowale, Home Funds, and Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Home Funds, to foreclose the equitable lien and for a judgment declaring that Amos's interest in the subject property was "free and clear from any estate, trust[,] or other interest of" the defendants (hereinafter the Amos action). Thereafter, in November 2019, Windward Bora, LLC (hereinafter Windward), moved, as successor in interest to MERS, as nominee for Home Funds, inter alia, to dismiss the complaint insofar as asserted against that defendant or, in the alternative, to substitute Windward for that defendant and for leave to serve a late answer. Windward argued that neither it nor its predecessor in interest were necessary parties to the Amos action because Windward's mortgage on the subject property, the second Frederick mortgage, was superior to the equitable lien held by Amos on the subject property.
In July 2020, Windward commenced an action in the United States District Court for the Eastern District of New York against, among others, Amos to foreclose the second Frederick mortgage (hereinafter the Windward federal action). The complaint in that action alleged that Windward was the holder of the note secured by the second Frederick mortgage, which was the superior mortgage on the subject property, and that Amos was a "necessary party defendant because it is the mortgagee of record of" the equitable lien, which is "subordinate" to Windward's mortgage.
Thereafter, in March 2021, Windward commenced this action pursuant to RPAPL article 15 to determine claims to real property against Home Funds, Trinity Financial Services, LLC (hereinafter Trinity), RCS Recovery Services, LLC (hereinafter RCS), and the Kings County Clerk (hereinafter collectively the defendants). In the complaint, Windward alleged that Home Funds originated the second Frederick mortgage, that Trinity purchased the loan underlying the second Frederick mortgage from Home Funds, that RCS purchased that loan from Trinity, and that Windward ultimately purchased that loan from RCS. Although the chain of custody of the second Frederick mortgage allegedly was supported by allonges to the underlying note, no assignments of mortgage had ever been recorded. Accordingly, the complaint demanded, among other things, a judgment declaring that Home Funds, Trinity, and RCS be forever barred of any claim to an estate or interest in the subject property and directing the Kings County Clerk "to record an Order" reflecting the alleged unrecorded assignments of mortgage.
After the defendants were served with process and failed to interpose an answer or appear in this action, Windward moved for leave to enter a default judgment. While that motion was pending, Amos moved, inter alia, pursuant to CPLR 1012(a)(3) for leave to intervene in this action, to dismiss the complaint for failure to join a necessary party, or, in the alternative, pursuant to CPLR 602(a) to consolidate this action with the Amos action. In a proposed answer, Amos asserted, among other affirmative defenses, that the owner of the second Frederick mortgage "was either paid in full at the time that [Frederick] sold the [subject] property, but failed to record a satisfaction of the . . . mortgage[,] or the owner of the [second Frederick] mortgage agreed to a 'short sale' of the [subject] property in satisfaction of the $144,000.00, but failed to record a satisfaction of mortgage after receiving funds from the sale of the property by" Frederick. Amos's proposed answer also asserted, as an affirmative defense, that Windward's "claims are barred, in whole or in part," on the ground that the purported allonge from Home Funds to Trinity "was forged."
In an order dated February 7, 2023, the Supreme Court, among other things, granted those branches of Amos's motion which were pursuant to CPLR 1012(a)(3) for leave to intervene in this action and pursuant to CPLR 602(a) to consolidate this action with the Amos action to the extent of joining them for discovery and trial. Windward appeals.
"Upon timely motion, any person shall be permitted to intervene in any action . . . when the action involves the disposition or distribution of, or the title or a claim for damages for injury to, property and the person may be affected adversely by the judgment" (id. § 1012[a][3]). "A timely motion for leave to intervene should be granted when the intervenor has a real and substantial interest in the outcome of the proceedings" (Deutsche Bank Natl. Trust Co. v Allenstein, 201 AD3d 783, 784-785).
Under the circumstances presented here, Amos demonstrated that it has a real and substantial interest in the outcome of this action and that it may be affected adversely by a judgment in favor of Windward in this action. Whether Amos's equitable lien or Windward's interest on the subject property, the second Frederick mortgage, constitutes the superior interest in the subject property is the focus of litigation in the Amos action and the Windward federal action. In those actions, Amos has argued that Windward does not have a superior right to foreclose on the subject property, raising issues as to whether the second Frederick mortgage was actually satisfied and whether Windward took title to the note underlying that mortgage via a forgery. As such, were Windward to receive a judgment in its favor in this action, Amos could be inequitably affected in its prosecution of the Amos action and its defense in the Windward federal action. Accordingly, the Supreme Court properly granted that branch of Amos's motion which was pursuant to CPLR 1012(a)(3) for leave to intervene in this action (see Matter of Wasserman v Farkas, 219 AD3d 1528, 1529-1530; Wells Fargo Bank, N.A. v McLean, 70 AD3d 676, 677-678). 
"Where common questions of law or fact exist, a motion to consolidate or for a joint trial pursuant to CPLR 602(a) should be granted absent a showing of prejudice to a substantial right by the party opposing the motion" (Longo v Fogg, 150 AD3d 724, 725; see Brown v Cope Bestway Express, Inc., 99 AD3d 746). "Consolidation is appropriate where it will avoid unnecessary duplication of trials, save unnecessary costs and expense, and prevent an injustice which would result from divergent decisions based on the same facts" (Viafax Corp. v Citicorp Leasing, Inc., 54 AD3d 846, 850). "The determination of such a motion is addressed to the sound discretion of the trial court" (Cromwell v CRP 482 Riverdale Ave., LLC, 163 AD3d 626, 627). Here, the Amos action and this action both involve encumberances on the same property and concern issues affecting which encumberance is superior. Moreover, Windward failed to demonstrate that joining the Amos action and this action would prejudice a substantial right. Accordingly, the Supreme Court providently exercised its discretion in granting that branch of Amos's motion which was pursuant to CPLR 602(a) to consolidate this action and the Amos action to the extent of joining them for discovery and trial.
Windward's remaining contentions are without merit.
CHAMBERS, J.P., BRATHWAITE NELSON, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court