■ Austin S. Manginaro, Respondent, v Nassau County Medical Center et al., Appellants.—In an action to recover damages for personal injuries, the defendants separately appeal from an order of the Supreme Court, Nassau County (Morrison, J.), dated February 5, 1986, which, *inter alia*, denied those branches of the defendants' respective motions which were for leave to amend their answers to include the affirmative defenses, *inter alia*, of settlement, payment and release.

Ordered that the order is modified, by deleting therefrom the provisions denying those branches of the defendants' motions which were for leave to serve amended answers including the affirmative defenses of settlement, payment and release, and substituting therefor provisions granting those branches of their motions. As so modified, the order is affirmed, without costs or disbursements. The defendants' time to serve their amended answers is extended until 20 days after service upon them of a copy of this decision and order, with notice of entry.

The Court of Appeals has recently stated that " 'release' and 'payment' are affirmative defenses required by CPLR 3018 (b) to be pleaded by a successive tort-feasor seeking to take advantage of the reduction allowed by General Obligations Law § 15-108" *(Hill v St. Clare's Hosp.,* 67 NY2d 72, 83-84). In that the defendants had already amended their answers to include the defense of setoff pursuant to General Obligations Law § 15-108, neither surprise nor prejudice can be said to result from the defendants' approximately 16-month delay in seeking to make the further amendment; they were merely substituting a more technically correct affirmative defense for one that simply gave the general concept. Submission of an affidavit based upon personal knowledge of the facts *(see, Anos Diner v Pitios Gourmet,* 100 AD2d 948) is unnecessary where the amendment sought is not based upon new facts.

A hearing pursuant to CPLR 4533-b need not be held unless

and until either of the defendants is found liable to the plaintiff, and unless the amount of the plaintiff's total damages is found to exceed the sum already paid in settlement by the original tort-feasor. Thompson, J. P., Weinstein, Lawrence and Eiber, JJ., concur.