■ MICHAEL UTTER, an Infant, by His Mother and Natural Guardian, ROSANNA UTTER, Appellant, v SOUTH BROOKHAVEN OBSTETRIC & GYNECOLOGIC ASSOCIATES, P. C., et al., Respondents.—In a medical malpractice action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (McCarthy, J.), dated December 10, 1986, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, with costs, and the defendants' motion is denied.

The infant plaintiff suffers from, *inter alia,* brain damage and cerebral palsy. He will apparently require custodial care throughout his life. Shortly before his birth, his mother fell at her place of employment. Thereafter, the infant plaintiff commenced an action against the employer on account of injuries he was alleged to have sustained in utero. Following a structured settlement of that action, the infant plaintiff com-

menced this action against those who provided obstetrical care to his mother and who attended her from the time of her fall until his premature birth. The injuries alleged to have been caused by the defendants here are among those alleged to have been caused by the employer.

The defendants assert that the settlement and the release executed in conjunction therewith were intended to fully compensate the infant plaintiff for all injuries sustained as a result of his mother's fall and its aftermath. They also assert that the infant plaintiff is impermissibly attempting to obtain double recovery for the same injuries. We do not agree.

Release of one tort-feasor no longer constitutes release of other tort-feasors liable or claimed to be liable for the same injury, unless the terms of the release expressly so provide (General Obligations Law § 15-108 [a]; *Hill v St. Clare's Hosp.,* 67 NY2d 72). The statutory rule (General Obligations Law § 15-108 [a]) allowing an injured person to release one tort-feasor and then maintain an action against others claimed to be liable for the same injury applies whether the tort-feasors are joint or successive *(Hill v St. Clare's Hosp., supra,* at 83). To prevent double recovery, the amount of any verdict against nonsettling tort-feasors is reduced in accordance with General Obligations Law § 15-108 (a) *(Hill v St. Clare's Hosp., supra; see, Riviello v Waldron,* 47 NY2d 297; *Ott v Barash,* 109 AD2d 254; *see also,* CPLR 4533-b).

The terms of the release given to the employer of the infant plaintiff's mother do not expressly provide for the release of other tort-feasors and there is nothing, short of sheer speculation, to warrant the conclusion that the amount of the settlement is equal to the total amount of the infant plaintiff's loss *(see, Ott v Barash, supra,* at 263). Moreover, although the infant plaintiff will bear the burden at any hearing conducted pursuant to CPLR 4533-b *(Hill v St. Clare's Hosp., supra),* it will not be necessary to hold that hearing unless and until one of the defendants is found liable to the infant plaintiff and unless the amount of the verdict exceeds the settlement amount *(see, Manginaro v Nassau County Med. Center,* 123 AD2d 842). Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.