■ AGNES NEENAN et al., Respondents, v MICHAEL H. KAMALIAN et al., Appellants. [738 NYS2d 889] —In an action to recover damages for medical malpractice, etc., the defendants appeal from an order of the Supreme Court, Orange County (Slobod, J.), dated December 4, 2000, which, upon treating their motion to dismiss the complaint as a motion for summary judgment pursuant to CPLR 3211 (e), denied the motion.

Ordered that the order is affirmed, with costs.

General Obligations Law § 15-108 abrogated the common-law rule that the release of an original tortfeasor barred a later action against a hospital or physician for any additional injuries resulting from the negligent treatment of the original injury (*see Williams v Niske,* 81 NY2d 437, 442; *Hill v St. Clare's Hosp.,* 67 NY2d 72, 83). The release of one tortfeasor does not constitute a release of other tortfeasors claimed to be liable for the same injury unless the terms of the release expressly so provide (*see, Utter v South Brookhaven Obstetric & Gynecologic Assoc.,* 135 AD2d 811, 812). Here, even if the injured plaintiff alleged the same injuries in the previous action against the original tortfeasor as she is alleging against the defendants in this case, this is not a basis for dismissing the complaint. Rather, General Obligations Law § 15-108 requires only that any recovery against the defendants for the same injuries, for which the injured plaintiff previously obtained recovery, be offset (*see, Utter v South Brookhaven Obstetric & Gynecologic Assoc., supra*). To determine the amount of any offset, a verdict must be rendered from which the total amount of the plaintiffs' damages can be ascertained, and then a hearing must be held pursuant to CPLR 4533-b (*see, Utter v South Brookhaven Obstetric & Gynecologic Assoc., supra; Moller v North Shore Univ. Hosp.,* 12 F3d 13, 17 [applying New York law]). S. Miller, J.P., Schmidt, Crane and Cozier, JJ., concur.