■ ARKADY MAVASHEV et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendant. [751 NYS2d 602] —In an action to recover damages for personal injuries, etc., the defendant New York City Transit Authority appeals from a judgment of the Supreme Court, Kings County (Schneier, J.), entered August 15, 2001, which, upon a jury verdict, and upon the denial of its motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence or to reduce the damages as excessive, is in favor of the plaintiffs and against it in the principal sum of $345,000.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing pursuant to CPLR 4533-b in accordance herewith, and the entry of an appropriate amended judgment.

On June 3, 1990, the plaintiff Arkady Mavashev (hereinafter the injured plaintiff) suffered a work-related accident when he fell from a ladder while descending from the roof of a building. As a result of this accident, the injured plaintiff fractured his skull and was hospitalized for three days. The injured plaintiff and his wife subsequently commenced an action against the owner and tenant of the premises where the accident had occurred, alleging violations of Labor Law §§ 200, 240, and 241. The injured plaintiff claimed that in addition to fracturing his skull in the fall, he sustained various injuries to his cervical and lumbar spine.

Approximately two months later, the injured plaintiff was a

passenger in a subway train which derailed. After the subway accident, the injured plaintiff was treated at a hospital emergency room for neck and back pain, and discharged a few hours later. The plaintiffs commenced a separate action against the New York City Transit Authority (hereinafter the Transit Authority), claiming that the subway derailment caused the injured plaintiff to suffer damage to his cervical spine, and exacerbated the earlier injuries to his head.

After issues of liability in the two actions were resolved in favor of the plaintiffs, the actions were consolidated for a joint damages trial. Shortly after the trial commenced, the plaintiffs settled their claims against the defendants in the Labor Law action for the sum of $250,000. The terms of the settlement agreement were placed on the record in open court, and the injured plaintiff acknowledged that he understood that the Transit Authority would have "certain setoff rights by operation of law" in the event that he recovered a judgment against it for the injuries he had sustained in the subway derailment. At the conclusion of the damages trial, the jury returned a verdict in favor of the plaintiffs and against the Transit Authority in the sum of $345,000. Although the Transit Authority moved to reduce the damages, the trial court denied its motion, and a judgment against the Transit Authority in the principal sum of $345,000 was entered.

On appeal, the Transit Authority contends, inter alia, that the judgment against it should be reduced by the $250,000 which the plaintiffs received in settlement of their Labor Law action. We agree that the Transit Authority is entitled to a setoff of at least a portion of the settlement paid by the defendants in the Labor Law action. Although an initial tortfeasor may be held liable for all injuries resulting from his or her own wrongful acts, including any aggravation of injuries caused by a subsequent or successive tortfeasor, the successive tortfeasor is liable only for the separate injury or aggravation caused his or her own conduct (*see Ravo v Rogatnick,* 70 NY2d 305, 310; *Cohen v New York City Health & Hosps. Corp.,* 293 AD2d 702). Pursuant to General Obligations Law § 15-108, a release "given to one of two or more persons liable or claimed to be liable in tort for the same injury * * * reduces the claim of the releasor against the other tortfeasor." General Obligations Law § 15-108 is applicable to both successive and joint tortfeasors (*see Hill v St. Clare's Hosp.,* 67 NY2d 72). Thus, where, as here, injuries are independently inflicted by both an original and successive tortfeasor, the successive tortfeasor is entitled to a hearing pursuant to CPLR 4533-b to determine what portion of the

settlement paid by the original tortfeasor was for the original injuries, and what portion may be attributable to the aggravation injuries (*see Hill v St. Clare's Hosp., supra* at 85; *Neenan v Kamalian,* 292 AD2d 433). Any portion of the settlement payment found attributable to the aggravation injuries must then be offset against the amount of the judgment recovered against the successive tortfeasor "on the principle that plaintiffs cannot recover for the same aggravation injuries" from both the original and successive tortfeasors (*Hill v St. Clare's Hosp., supra* at 85-86). Accordingly, we remit the matter to the Supreme Court for a hearing to determine what portion of the settlement payment made by the defendants in the Labor Law action was for the original injuries sustained by the injured plaintiff in his fall from the ladder, and what portion may be attributed to the aggravation of those injuries in the subway accident. An amended judgment should then be entered reducing the plaintiffs' recovery against the Transit Authority by the portion of the settlement payment found attributable to the aggravation injuries.

The Transit Authority's remaining contentions are without merit. Krausman, J.P., McGinity, Schmidt and Mastro, JJ., concur.