▉ ERNESTINE MACKEY, Respondent, v COUNTY OF SUFFOLK, Appellant. [888 NYS2d 774]—

In an action to recover damages for personal injuries, the defendant appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated November 19, 2008, as denied its motion pursuant to CPLR 602 (a) to consolidate or join for trial the instant action and an action entitled *Mackey v County of Suffolk*, pending in the Supreme Court, Suffolk County, under index No. 28922/07, and (2) from an order of the same court dated April 8, 2009, which denied its motion for leave to reargue or renew its prior motion.

Ordered that the appeal from the order dated April 8, 2009, is dismissed; and it is further,

Ordered that the order dated November 19, 2008, is reversed insofar as appealed from, on the facts and in the exercise of discretion, that branch of the defendant's motion which was to consolidate the instant action and an action entitled *Mackey v County of Suffolk*, pending in the Supreme Court, Suffolk County, under index No. 28922/07, is granted, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings, including amendment of the caption to reflect the consolidation; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the order dated April 8, 2009, must be dismissed, as no appeal lies from an order denying reargument (*see Williams v Beach View Apt. Corp.*, 57 AD3d 975 [2008]), and that branch of the defendant's motion which was for leave

to renew its prior motion is academic in light of our determination of the appeal from the order dated November 19, 2008.

The plaintiff commenced two separate actions against the defendant. In the first, commenced under Suffolk County index No. 32498/06, the plaintiff alleged that on September 8, 2005, she sustained serious injuries to her right hand when the doors of a bus closed on it as she was exiting. In the second, commenced under Suffolk County index No. 28922/07, the plaintiff alleged that on September 6, 2006, she again sustained serious injuries to her right hand when the doors of a bus closed on it as she was exiting. The plaintiff was treated at the same hospital and later by the same doctors after both accidents.

Under the circumstances presented here, in which no demonstrable prejudice to the plaintiff was shown, the interests of justice and judicial economy would best be served by consolidation of the actions (*see Romandetti v County of Orange,* 289 AD2d 386 [2001]; *Donaldson v Jamaica Buses,* 172 AD2d 800 [1991]). Dillon, J.P., Miller, Eng, Hall and Sgroi, JJ., concur.