■ MARYANN FITZSIMONS et al., Individually and as Administrators of the Estate of KERRY FITZSIMONS, Deceased, et al., Respondents, v KEVIN BRENNAN et al., Appellants. [9 NYS3d 316]—

In a consolidated action to recover damages for personal injuries, etc., the defendants Kevin Brennan and Kristine Bren-

nan, and the defendant Marist College, separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Suffolk County (Martin, J.), dated November 25, 2013, as denied those branches of their separate cross motions which were for a change of venue to Dutchess County.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

This appeal arises from two actions filed in the aftermath of a fire in an off-campus house which was leased by students attending Marist College in Poughkeepsie, Dutchess County. The fire, which occurred on January 21, 2012, resulted in the death of three students, including Kerry Fitzsimons and Eva Ryan Block. In April 2012, Maryann Fitzsimons and Robert Fitzsimons, Kerry's parents, commenced an action in Suffolk County against Marist College and the owners of the house, Kevin Brennan and Kristine Brennan. Marist College and the Brennans separately moved to change the venue of the action from Suffolk County to Dutchess County based on the convenience of witnesses. In an order dated January 8, 2013, the Supreme Court, Suffolk County, denied the defendants' motions. In an order dated May 16, 2013, the court denied a subsequent motion for leave to renew and reargue (see Fitzsimons v Brennan, 128 AD3d 634 [2015] [decided herewith]).

In March 2013, Jeffrey Block and Barbara Stark Block, Eva's parents, who are residents of Connecticut (hereinafter together the Block plaintiffs), commenced an action against the defendants in Dutchess County, and moved to consolidate it with the Fitzsimons action, and thereupon to place venue of the consolidated action in Suffolk County. The defendants separately cross-moved for consolidation, and also for a change of venue of the consolidated action from Suffolk County to Dutchess County, citing the convenience of witnesses. In the order appealed from, the Supreme Court granted consolidation of the two actions, thereupon placed venue in Suffolk County, and denied those branches of the defendants' separate cross motions which were for a change of venue.

Contrary to the defendants' contentions, the Supreme Court providently exercised its discretion in granting that branch of the Block plaintiffs' motion which was to place venue of the consolidated action in Suffolk County. "[W]here actions commenced in different counties have been consolidated pursuant to CPLR 602, the venue should be placed in the county where the first action was commenced, unless special circumstances are present, which decision is also addressed to the sound

discretion of the court" (*Mattia v Food Emporium*, 259 AD2d 527, 527 [1999]; *see Gonzalez v Jian Ming Zhou*, 270 AD2d 387 [2000]).

Further, the Supreme Court properly denied those branches of the defendants' separate cross motions which were for a change of venue. Contrary to the defendants' contention, they failed to meet their burden under CPLR 510 (3) of demonstrating that the "convenience of material witnesses and the ends of justice will be promoted by the change" (CPLR 510 [3]; *see Fitzsimons v Brennan*, 128 AD3d 634 [2015] [decided herewith]; *M.I. v Trinity-Pawling Sch.*, 125 AD3d 615, 615-616 [2015]; *Giaimo v Hastings*, 19 AD3d 365 [2005]). Mastro, J.P., Leventhal, Maltese and Duffy, JJ., concur.