■ VERNIE G. TIESHMAKER, Appellant, v EMB CONTRACTING CORP. et al., Respondents, et al., Defendants. [40 NYS3d 153]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Sampson, J.), entered June 23, 2015, as, upon granting that branch of the motion of the defendants EMB Contracting Corp. and Farley Sales-Installations, Inc., which was to join for trial this action with an action entitled *Tieshmaker v City of New York*, commenced in the Supreme Court, Bronx County, under index No. 307998/11, granted that branch of their motion which was to place the venue of the joint trial in Queens County.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendants EMB Contracting Corp. and Farley Sales-Installations, Inc., which was to place the venue of the joint trial in Queens County is denied, and the Clerk of the Supreme Court, Queens County, is directed to deliver to the Clerk of the Supreme Court, Bronx County, all papers filed in this action and in the action entitled *Tieshmaker v City of New York*, commenced in the Supreme Court, Bronx County, under index No. 307998/11, and certified copies of all minutes and entries (*see* CPLR 511 [d]).

The plaintiff, a teacher at a high school in the Bronx, allegedly sustained personal injuries when a cabinet door in a classroom fell on her head. In 2011, the plaintiff commenced an action to recover damages for personal injuries in the Supreme Court, Bronx County, against the City of New York, the New York City Department of Education, and the New York City School Construction Authority, as owners and operators of the

high school. In 2014, the plaintiff commenced a separate action in the Supreme Court, Queens County, against EMB Contracting Corp. (hereinafter EMB), Farley Sales-Installations, Inc. (hereinafter Farley), TKO Contracting Corp., CIF Furniture Limited, and CIF Lab Solutions, LP, alleging that they negligently manufactured and installed the cabinet.

EMB and Farley moved in the Supreme Court, Queens County, pursuant to CPLR 602 to consolidate the two actions and to place the venue of the consolidated action in Queens County. In an order entered June 23, 2015, the Supreme Court granted their motion to the extent of joining for trial the two actions and placing the venue of the joint trial in Queens County. The plaintiff appeals from so much of the order as granted that branch of the motion which was to place the venue of the joint trial in Queens County.

"[W]here actions commenced in different counties have been consolidated [or joined for trial] pursuant to CPLR 602, the venue should be placed in the county where the first action was commenced, unless special circumstances are present, which decision is also addressed to the sound discretion of the court" (*Mattia v Food Emporium*, 259 AD2d 527, 527 [1999]; *see Castro v Durban*, 129 AD3d 652, 653 [2015]; *Fitzsimons v Brennan*, 128 AD3d 636, 637-638 [2015]). Here, the motion court improvidently exercised its discretion in placing the venue of the joint trial in Queens County, since EMB and Farley failed to establish the existence of special circumstances that would warrant a departure from the general rule (*see Fitzsimons v Brennan*, 128 AD3d at 637-638; *Nova Cas. Co. v RPE, LLC*, 115 AD3d 717, 718 [2014]; *cf. Castro v Durban*, 129 AD3d 652 [2015]).

In light of our determination, we do not reach the plaintiff's alternate argument. Chambers, J.P., Dickerson, Miller and Connolly, JJ., concur.