■ RALPH LONGO, Appellant, v KEENAN FOGG, Defendant, and MTA BUS COMPANY et al., Respondents. [55 NYS3d 61]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Gavrin, J.), entered June 18, 2015, which denied his motion pursuant to CPLR 602 to consolidate this action with an action entitled *Longo v Mercado*, commenced in the Supreme Court, Bronx County, under Index No. 22988/12, and to place the venue of the consolidated action in Queens County.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the plaintiff's motion is granted to the extent of directing that the actions shall be tried jointly in the Supreme Court, Queens County, the motion is otherwise denied, and the Clerk of the Supreme Court, Bronx County, is directed to deliver to the Clerk of the Supreme Court, Queens County, all papers filed in the action entitled *Longo v Mercado*, commenced in the Supreme Court, Bronx County, under Index No. 22988/12, and certified copies of all minutes and entries (see CPLR 511 [d]).

The plaintiff commenced two separate actions against the respondents, among others. In the first action, commenced on January 23, 2012, in the Supreme Court, Queens County, under

Index No. 700116/12, the plaintiff alleged that on March 7, 2011, he sustained serious injuries to his cervical, thoracic, and lumbar spines, his left shoulder, his left knee, and his left hip when the respondents' bus collided with his vehicle in Queens. In the second action, commenced on November 29, 2012, in the Supreme Court, Bronx County, under Index No. 22988/12, the plaintiff alleged that on December 15, 2011, he sustained exacerbation of injuries to his cervical, thoracic, and lumbar spine, his left shoulder, his left knee, and his left hip when his vehicle collided with the respondents' bus in the Bronx. The plaintiff was treated by the same medical providers after both accidents.

Where common questions of law or fact exist, a motion to consolidate or for a joint trial pursuant to CPLR 602 (a) should be granted absent a showing of prejudice to a substantial right by the party opposing the motion (*see Brown v Cope Bestway Express, Inc.*, 99 AD3d 746 [2012]; *Alizio v Perpignano*, 78 AD3d 1087, 1088 [2010]; *Mas-Edwards v Ultimate Servs., Inc.*, 45 AD3d 540 [2007]).

In view of the plaintiff's allegations in his bill of particulars that certain injuries which he sustained in the first automobile accident were exacerbated by the second automobile accident, in the interest of justice and judicial economy, and to avoid inconsistent verdicts, the two actions should be tried jointly (*see Cieza v 20th Ave. Realty, Inc.*, 109 AD3d 506 [2013]; *Mackey v County of Suffolk*, 67 AD3d 973, 974 [2009]; *Romandetti v County of Orange*, 289 AD2d 386 [2001]; *Gabran v O & Y Liberty Plaza Co.*, 174 AD2d 708 [1991]). The respondents failed to demonstrate prejudice to a substantial right if this action is tried jointly (*see Cieza v 20th Ave. Realty, Inc.*, 109 AD3d at 507; *Mackey v County of Suffolk*, 67 AD3d at 974). Although the plaintiff moved to consolidate the two actions, the appropriate procedure is a joint trial, particularly since each action contains a defendant not present in the other (*see Whiteman v Parsons Transp. Group of N.Y., Inc.*, 72 AD3d 677, 678 [2010]; *Cola-Rugg Enters. v Consolidated Edison Co. of N.Y.*, 109 AD2d 726 [1985]; *Champagne v Consolidated R. R. Corp.*, 94 AD2d 738 [1983]).

Furthermore, in the absence of special circumstances, where the actions have been commenced in different counties, the place of trial should be in the county where venue of the first action was placed (*see Tieshmaker v EMB Contr. Corp.*, 143 AD3d 886, 887 [2016]; *Nova Cas. Co. v RPE, LLC*, 115 AD3d 717, 718 [2014]; *Brown v Cope Bestway Express, Inc.*, 99 AD3d 746, 748 [2012]). Since the first action was commenced in

Queens County, venue of the action commenced in the Supreme Court, Bronx County, should be transferred to Queens County.

The respondents' remaining contentions, which rely on matter not considered by the Supreme Court and are dehors the record, have not been considered (*see Sukhova v Ilyas*, 132 AD3d 661, 662 [2015]; *Krzyanowski v Eveready Ins. Co.*, 28 AD3d 613 [2006]; *Juarbe v City of New York*, 303 AD2d 462 [2003]). Dillon, J.P., Balkin, Austin and Connolly, JJ., concur.