Kaladze v Ocean Park Acquisition, L.P. (2022 NY Slip Op 02120)





Kaladze v Ocean Park Acquisition, L.P.


2022 NY Slip Op 02120


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2020-00756
 (Index No. 503721/18)

[*1]Larisa Kaladze, respondent, 
v
Ocean Park Acquisition, L.P., et al., appellants.


London Fischer, LLP, New York, NY (Myra Needleman of counsel), for appellants.
Halperin & Halperin, P.C., New York, NY (Jeffrey Weiskopf and Alexandra A. Langmo of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated December 5, 2019. The order, insofar as appealed from, denied the defendants' motion pursuant to CPLR 602 to consolidate the instant action with an action entitled Kaladze v New York City Health and Hospitals Corporation, pending in the same court under Index No. 512637/18, or, in the alternative, to join the two actions for trial.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained on February 23, 2017. According to the plaintiff, she fell on a public sidewalk adjacent to property owned and/or managed by the defendants. As a result of the accident, she allegedly sustained an injury to her left leg which required, inter alia, knee replacement surgery.
The plaintiff commenced a second action in the Supreme Court, Kings County, entitled Kaladze v New York City Health and Hospitals Corporation, pending under Index No. 512637/18, alleging medical malpractice in the treatment of her injuries. The defendants moved pursuant to CPLR 602 to consolidate the actions, or, in the alternative, to join the two actions for trial. In an order dated December 5, 2019, the Supreme Court, among other things, denied that motion on the ground that the two actions involved dissimilar issues which would confuse a jury. The defendants appeal.
CPLR 602(a) provides: "When actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any or all the matters in issue, may order the actions consolidated, and make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." "Consolidation is addressed to the sound discretion of the trial court" (Best Price Jewelers.Com, Inc. v Internet Data Stor. & Sys., Inc., 51 AD3d 839, 839).
The two actions at issue here involve dissimilar causes of action, with little danger in inconsistent verdicts, since the defendants would be liable for all of the foreseeable injuries [*2]resulting from the plaintiff's fall, including those injuries exacerbated by medical malpractice (see Hill v St. Clare's Hosp., 67 NY2d 72, 82-83; Mavashev v New York City Tr. Auth., 300 AD2d 552; cf. Longo v Fogg, 150 AD3d 724; Cieza v 20th Ave. Realty, Inc., 109 AD3d 506). As the two actions "involve dissimilar issues or disparate legal theories," there is a risk of confusing the jury and rendering the litigation unwieldy (Cromwell v CRP 482 Riverdale Ave., LLC, 163 AD3d 626, 627; see Gillard v Reid, 145 AD3d 446). Further, contrary to the defendants' contention, there is no risk that the plaintiff will secure a double recovery (see Hill v St. Clare's Hosp., 67 NY2d at 82-83). Accordingly, the Supreme Court properly denied the defendants' motion pursuant to CPLR 602 to consolidate the actions, or, in the alternative, to join the two actions for trial.
CONNOLLY, J.P., CHRISTOPHER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court