Frank v Y. Mommy Taxi, Inc. (2022 NY Slip Op 04151)

Frank v Y. Mommy Taxi, Inc.

2022 NY Slip Op 04151

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
SHERI S. ROMAN
JOSEPH J. MALTESE, JJ.

2021-00382
2021-03268
 (Index No. 704713/18)

[*1]Scott Frank, appellant, 
v
Y. Mommy Taxi, Inc., et al., defendants; Marty Transport Corporation, et al., nonparty-respondents.

Parker Waichman, LLP, Port Washington, NY (Jay L. T. Breakstone and Stephenie L. Bross of counsel), for appellant.
Litchfield Cavo, LLP, New York, NY (Paul J. Tramontano of counsel), for nonparty-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), dated December 18, 2020, and (2) an order of the same court dated April 29, 2021. The order dated December 18, 2020, denied the plaintiff's motion pursuant to CPLR 602(a) to consolidate this action with an action entitled Frank v Marty Transport Corporation, pending in the Supreme Court, Queens County, under Index No. 708005/19. The order dated April 29, 2021, insofar as appealed from, upon renewal, adhered to the prior determination in the order dated December 18, 2020.
ORDERED that the order dated December 18, 2020, is reversed, on the law and in the exercise of discretion, the plaintiff's motion pursuant to CPLR 602(a) to consolidate this action with an action entitled Frank v Marty Transport Corporation, pending in the Supreme Court, Queens County, under Index No. 708005/19, is granted to the extent of directing that the actions shall be tried jointly, the motion is otherwise denied, and the order dated April 29, 2021, is vacated; and it is further,
ORDERED that the appeal from the order dated April 29, 2021, is dismissed as academic in light of our determination on the appeal from the order dated December 18, 2020; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In March 2018, the plaintiff commenced this action against the defendants, Y. Mommy Taxi, Inc., and Mohammad Alam, to recover damages for injuries he allegedly sustained in an automobile accident on September 17, 2017. In May 2019, the plaintiff commenced an action against Marty Transport Corporation, Golden Touch Transportation of NY, Inc., Transdev Services, Inc., and Belayet Hossain (hereinafter collectively the respondents) to recover damages for injuries he allegedly sustained in an automobile accident on June 10, 2018. In October 2020, the plaintiff moved pursuant to CPLR 602(a) to consolidate the actions. The respondents opposed the motion. In an order dated December 18, 2020, the Supreme Court denied the plaintiff's motion to [*2]consolidate. In an order dated April 29, 2021, upon renewal, the court adhered to the determination in the order dated December 18, 2020. The plaintiff appeals from both orders.
Although a motion pursuant to CPLR 602(a) is addressed to the sound discretion of the Supreme Court (see Kaladze v Ocean Park Acquisition, L.P., 203 AD3d 1151, 1152; Rhoe v Reid, 166 AD3d 919, 921), consolidation or joinder for trial is favored to avoid unnecessary duplication of trials, save unnecessary costs and expense, and prevent an injustice which would result from divergent decisions based on the same facts (see Robinson v 47 Thames Realty, LLC, 158 AD3d 780, 781; Best Price Jewelers.Com, Inc. v Internet Data Stor. & Sys., Inc., 51 AD3d 839). Where common questions of law or fact exist, a motion pursuant to CPLR 602(a) "should be granted, absent a showing of prejudice to a substantial right by the party opposing the motion" (Disa Realty, Inc. v Rao, 198 AD3d 869, 871 [internal quotation marks omitted]; see Wilson v Perlman, 185 AD3d 984, 984).
Here, in view of the plaintiff's allegations that certain injuries which he sustained in the first automobile accident were exacerbated by the second automobile accident, in the interest of justice and judicial economy, and to avoid inconsistent verdicts, the two actions should be tried jointly (see Longo v Fogg, 150 AD3d 724, 725; Cieza v 20th Ave. Realty, Inc., 109 AD3d 506, 506). The respondents failed to demonstrate prejudice to a substantial right if the actions are tried jointly (see Alizio v Perpignano, 78 AD3d 1087, 1088; Mackey v County of Suffolk, 67 AD3d 973, 974). Although the plaintiff moved to consolidate the two actions, the appropriate procedure is a joint trial, particularly since the actions involve different defendants (see Longo v Fogg, 150 AD3d at 725; Whiteman v Parsons Transp. Group of N.Y., Inc., 72 AD3d 677, 678).
DILLON, J.P., CONNOLLY, ROMAN and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court