Sherpa v Ford Motor Co. (2023 NY Slip Op 02550)

Sherpa v Ford Motor Co.

2023 NY Slip Op 02550

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2021-01544
 (Index No. 713606/17)

[*1]Jangmu Sherpa, etc., appellant, 
v
Ford Motor Company, et al., defendants, Travez Transportation, Inc., et al. respondents.

Bhurtel Law Firm PLLC, Jackson Heights, NY (Dylan Brennan of counsel), for appellant.
Tuch & Cohen LLP, Westbury, NY (Kenneth R. Tuch of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for strict products liability, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered January 21, 2021, as amended by an order of the same court entered December 7, 2021. The order entered January 21, 2021, as amended, denied the plaintiff's motion pursuant to CPLR 602(b) to remove an action entitled Travez Transportation, Inc. v Sherpa, pending in the Civil Court, Queens County, under Index No. 033406/19, to the Supreme Court, Queens County, and to consolidate that action with this action.
ORDERED that the order entered January 21, 2021, as amended, is reversed, on the facts and in the exercise of discretion, with costs, the plaintiff's motion pursuant to CPLR 602(b) to remove an action entitled Travez Transportation, Inc. v Sherpa, pending in the Civil Court, Queens County, under Index No. 033406/19, to the Supreme Court, Queens County, and to consolidate that action with this action is granted to the extent of removing the Civil Court action to the Supreme Court, Queens County, and directing that the actions shall be tried jointly, and the motion is otherwise denied.
On September 29, 2016, Ang Dawa Sherpa (hereinafter the decedent) was driving a vehicle that had been leased to him by Travez Transportation, Inc. (hereinafter Travez), when the vehicle struck the guardrail of a highway, causing property damage to the vehicle and personal injuries to the decedent. The decedent commenced this action in the Supreme Court against Travez, among others, alleging that the vehicle was defective and negligently maintained by Travez. Travez submitted an answer in which it alleged as an affirmative defense, inter alia, that the injuries sustained by the decedent were caused, in whole or in part, by his own culpable conduct.
After the decedent died, Travez commenced an action in the Civil Court against the administrator of the decedent's estate, seeking to recover damages to compensate it for the property damage done to the vehicle as a result of the accident. The administrator submitted an answer in the Civil Court action in which she alleged that Travez's damages were caused by Travez's culpable conduct in leasing a defective and poorly maintained vehicle to the decedent. After being substituted [*2]as plaintiff in this action, the administrator moved pursuant to CPLR 602(b) to remove the Civil Court action to the Supreme Court and to consolidate that action with this action. In an order, the Supreme Court denied the motion, and the administrator appeals.
CPLR 602(b) provides that "[w]here an action is pending in the supreme court it may, upon motion, remove to itself an action pending in another court and consolidate it or have it tried together with that in the supreme court." Although a motion pursuant to CPLR 602 "is addressed to the sound discretion of the trial court, consolidation or joinder for trial is favored to avoid unnecessary duplication of trials, save unnecessary costs and expense, and prevent an injustice which would result from divergent decisions based on the same facts. Where common questions of law or fact exist, a motion . . . to consolidate [or for a joint trial] should be granted, absent a showing of prejudice to a substantial right by the party opposing the motion" (Calle v 2118 Flatbush Ave. Realty, LLC, 209 AD3d 961, 962-963 [citations and internal quotation marks omitted]).
Here, the two actions involve significant common questions of law and fact; a failure to try them jointly would result in a duplication of trials, unnecessary costs and expense, and a danger of an injustice resulting from divergent decisions; and there has been no showing of prejudice by Travez (see id. at 962-963; Frank v Y. Mommy Taxi, Inc., 206 AD3d 971, 972). Since "a joint trial, rather than consolidation, is appropriate where a party is both a plaintiff and a defendant" (Calle v 2118 Flatbush Ave. Realty, LLC, 209 AD3d at 963), the Supreme Court should have granted the motion to the extent of removing the Civil Court action to the Supreme Court and joining the two actions for trial (see id. at 962-963; Frank v Y. Mommy Taxi, Inc., 206 AD3d at 972-973; Hae Sheng Wang v Pao-Mei Wang, 96 AD3d 1005, 1009).
DUFFY, J.P., CHRISTOPHER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court