Licona-Rubio v New York City Health & Hosps. Corp. (2023 NY Slip Op 04722)

Licona-Rubio v New York City Health & Hosps. Corp.

2023 NY Slip Op 04722

Decided on September 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2023

Before: Renwick, P.J., Moulton, Kennedy, Scarpulla, Higgitt, JJ. 

Index No. 805360/21 Appeal No. 618 Case No. 2023-00838 

[*1]Juan Carlos Licona-Rubio, Plaintiff-Appellant,
v
New York City Health and Hospitals Corporation, Defendant-Respondent, John/Jane Doe 1-10 et al., Defendants.

Law Offices of William Pager, Brooklyn (William Pager of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Amanda Abata of counsel), for respondent.

Order, Supreme Court, New York County (Erica Edwards, J.), entered on or about August 16, 2022, which granted defendant New York City Health and Hospitals Corporation's motion to consolidate this action with an action pending in Kings County and transfer the consolidated action to New York County, unanimously reversed, on the law and the facts, without costs, and the motion denied.
Plaintiff commenced suit in Kings County against several construction-related entities alleging violations of Labor Law §§ 200, 240, and 241, and common-law negligence in connection with a work place accident causing injuries. After the accident plaintiff was taken to a NYCHHC facility for treatment. Plaintiff also commenced this suit in New York County against NYCHHC, alleging medical malpractice in connection with his post-accident treatment. Although the Labor Law action and this medical malpractice action involve common questions of fact, the medical malpractice action involves numerous additional allegations of professional negligence and injuries that are irrelevant to the Labor law action, and there are no common defendants. The issues and applicable legal principles presented in plaintiff's Labor Law action and this medical malpractice action arising out of his subsequent treatment, are so dissimilar that joinder or consolidation pursuant to CPLR 602(a) would not be beneficial and would likely result in jury confusion (see Brown v Neighborhood Assn. for Inter-Cultural Affairs, Inc., 215 AD3d 416, 416 [1st Dept 2023]; see also Kaladze v Ocean Park Acquisition, L.P., 203 AD3d 1151, 1152-1153 [2d Dept 2022]; Cromwell v CRP 482 Riverdale Ave., LLC, 163 AD3d 626, 627-628 [2d Dept 2018]). While a common injury is alleged in both actions, many additional and different injuries are alleged in the Labor Law action, and there are no common defendants (see Brown, 215 AD3d at 416).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2023