Orman v Zhi Yun Won (2024 NY Slip Op 04399)

Orman v Zhi Yun Won

2024 NY Slip Op 04399

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2023-01247
 (Index No. 517867/21)

[*1]Sarah H. Orman, et al., appellants, 
v
Zhi Yun Won, et al., respondents.

Lester B. Herzog, Brooklyn, NY, for appellants.
Morris Duffy Alonso Faley & Pitcoff, New York, NY (Iryna S. Krauchanka and Kenneth E. Pitcoff of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated December 7, 2022. The order denied the plaintiffs' motion pursuant to CPLR 602(a) to consolidate the instant action with an action entitled Orman v Khedr, pending in the same court under Index No. 518013/21, or, in the alternative, to join the two actions for trial.
ORDERED that the order is affirmed, with costs.
On May 21, 2019, the plaintiff Sarah H. Orman (hereinafter the injured plaintiff) allegedly was injured when the vehicle she was operating was struck in the rear. On May 23, 2019, the injured plaintiff allegedly was involved in a separate motor vehicle accident. On that occasion, her vehicle allegedly was struck in the rear by a vehicle operated by the defendant Zhi Yun Won and owned by the defendant Zhiyun Won.
In July 2021, the injured plaintiff, and her husband suing derivatively, commenced the instant action, stemming from the accident on May 23, 2019, and a separate action arising from the accident on May 21, 2019. Thereafter, the plaintiffs moved pursuant to CPLR 602(a) to consolidate the two actions or, in the alternative, to join the two actions for trial. In an order dated December 7, 2022, the Supreme Court denied the plaintiffs' motion. The plaintiffs appeal.
"[A] motion pursuant to CPLR 602(a) is addressed to the sound discretion of the trial court" (Calle v 2118 Flatbush Ave. Realty, LLC, 209 AD3d 961, 962-963). Although "joinder for trial is favored to avoid unnecessary duplication of trials, save unnecessary costs and expense, and prevent an injustice which would result from divergent decisions based on the same facts" (Sherpa v Ford Motor Co., 216 AD3d 834, 836 [internal quotation marks omitted]), a motion for joinder must be denied "where the two actions do not share common questions of law or fact" (Tafolla v Aldrich Mgt. Co., LLC, 172 AD3d 778, 779).
Here, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion to consolidate the two actions or to join the actions for trial. The plaintiffs failed to demonstrate that the "[t]wo distinct and unrelated motor vehicle accidents" contained common issues [*2]of fact or law (McGee v Cataldi, 169 AD2d 822, 823; see Suarez v Home Dynamix, LLC, 148 AD3d 429, 429; Doll v Castiglione, 86 AD2d 711). While the plaintiffs contend that the two actions should be joined because the injured plaintiff suffered overlapping injuries, they have not proffered any medical evidence or set forth any allegations to support their contention that the injuries overlapped (see Zacharias v Waldbaum, Inc., 208 AD2d 528, 529). Further, since the bills of particulars for each action and a report from the injured plaintiff's doctor were not submitted to the Supreme Court and are not contained in the record, they cannot be considered by this Court (see 1911 Richmond Ave. Assoc., LLC v G.L.G. Capital, LLC, 60 AD3d 1021, 1022).
BARROS, J.P., MALTESE, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court