Gutama v Central Transp., LLC (2025 NY Slip Op 05065)

Gutama v Central Transp., LLC

2025 NY Slip Op 05065

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LILLIAN WAN, JJ.

2024-05285
 (Index No. 529916/22)

[*1]Jorge Leon Gutama, appellant, et al., plaintiffs,
v
Central Transport, LLC, et al., defendants; Demos W. Demopoulos, et al., nonparty-respondents.

Salerno & Goldberg, P.C., Deer Park, NY (Allen Goldberg of counsel), for appellant.
Baxter & Smith, P.C., Hicksville, NY (James F. Diviney of counsel), for nonparty-respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff Jorge Leon Gutama appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated January 24, 2024. The order denied that plaintiff's motion pursuant to CPLR 602(a) to join for trial this action with an action entitled Gutama v Demopoulos, pending in the Supreme Court, Queens County, under Index No. 702054/22, and to place venue of the joint trial in Kings County.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the motion of the plaintiff Jorge Leon Gutama which was pursuant to CPLR 602(a) to join for trial this action with an action entitled Gutama v Demopoulos, pending in the Supreme Court, Queens County, under Index No. 702054/22, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Queens County, all papers filed in this action and certified copies of all minutes and entries (see CPLR 511[d]).
In January 2022, the plaintiff Jorge Leon Gutama commenced an action in the Supreme Court, Queens County, against Demos W. Demopoulos and Bimmer Motors Group, Inc. (hereinafter together the respondents), and another defendant, to recover damages for personal injuries Gutama allegedly sustained on October 8, 2020, when an electric motor bike he was operating was struck by a motor vehicle. In October 2022, Gutama, among others, commenced this action in the Supreme Court, Kings County, inter alia, to recover damages for personal injuries Gutama allegedly sustained in an automobile accident that occurred on August 2, 2022. Thereafter, Gutama moved in this action pursuant to CPLR 602(a) to join for trial the two actions and to place venue of the joint trial in Kings County. In an order dated January 24, 2024, the Supreme Court denied the motion. Gutama appeals.
"Although a motion pursuant to CPLR 602(a) is addressed to the sound discretion of the Supreme Court, consolidation or joinder for trial is favored to avoid unnecessary duplication of trials, save unnecessary costs and expense, and prevent an injustice which would result from divergent decisions based on the same facts" (Frank v Y. Mommy Taxi, Inc., 206 AD3d 971, 972 [*2][citations omitted]; see Sherpa v Ford Motor Co., 216 AD3d 834, 836). "Where common questions of law or fact exist, a motion to consolidate or for a joint trial pursuant to CPLR 602(a) should be granted absent a showing of prejudice to a substantial right by the party opposing the motion" (Longo v Fogg, 150 AD3d 724, 725; see Brown v Cope Bestway Express, Inc., 99 AD3d 746, 748).
Here, in view of the allegations in Gutama's bills of particulars and medical evidence indicating that he sustained overlapping injuries in the two accidents (see Melendez v Presto Leasing, 161 AD2d 501; Megyesi v Automotive Rentals, 115 AD2d 596, 597; cf. Orman v Zhi Yun Won, 230 AD3d 1156, 1157-1158), in the interest of justice and judicial economy, and to avoid inconsistent verdicts, the two actions should be tried jointly (see Frank v Y. Mommy Taxi, Inc., 206 AD3d at 972; Longo v Fogg, 150 AD3d at 725). The respondents failed to demonstrate prejudice to a substantial right if the actions are tried jointly (see Longo v Fogg, 150 AD3d at 725; Cieza v 20th Ave. Realty, Inc., 109 AD3d 506, 507).
Further, "in the absence of special circumstances, where the actions have been commenced in different counties, the place of trial should be in the county where venue of the first action was placed" (Longo v Fogg, 150 AD3d at 725; see Tieshmaker v EMB Contr. Corp., 143 AD3d 886, 887). Here, since the first action was commenced in Queens County, venue of this action, commenced in Kings County, should be transferred to Queens County (see Tieshmaker v EMB Contr. Corp., 143 AD3d at 887).
The respondents' remaining contention is not properly before this Court.
CHAMBERS, J.P., MILLER, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court